**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BAUDELAIRE TCHOUALA,** | : | **No. 3:26cv2289** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CRAIG LOWE,** | : | |
| **Respondent** | : | |

## ORDER

On August 10, 2026, the Clerk of Court docketed Baudelaire Tchouala's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 at the above docket number. (Doc. 1). This is Tchouala's second petition challenging his detention at Pike County Correctional Facility by Immigration and Customs Enforcement.

On May 19, 2026, the court granted Tchouala's first petition and ordered that he be provided with a bond hearing with an immigration judge within 14 days. Tchouala v. Lowe, No. 3:26CV887, 2026 WL 1401765 (M.D. Pa. May 19, 2026). Bond was denied. Less than one month ago, on July 16, 2026, the court denied Tchouala's motion to enforce the conditional habeas writ after determining that he received a fair hearing before a neutral and impartial IJ consistent with the requirements of due process. Tchouala v. Lowe, No. 3:26CV887, 2026 WL 2059073, at *7 (M.D. Pa. July 16, 2026). Just last week, the court denied Tchouala's motion for reconsideration of that order.

Applying the Rules Governing Section 2254 Cases in The United States District Courts to the instant petition, see Rule 1(b), the court conducts a preliminary review of Tchouala's allegations, see Rule 4. Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In the instant petition, Tchouala's second petition makes substantially the same claims as those he asserted in his first petition, motion to enforce, and motion for reconsideration even when liberally construed. That is, he complains of the length of his immigration detention, the general nature of his confinement, and the difficulties his family is facing due to his inability to support them. The duration of detention and conditions of confinement were previously considered and weighed in favor of providing the petitioner with a bond hearing in the first place. 2026 WL 1401765, at *4–5. There is no authority to support providing a Section 1226(c) detainee with a second bond hearing just two months following his first and after already concluding that the first hearing comported with due process.

By law, a Section 2241 petition is not subject to the gatekeeping mechanisms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), including bars on second or successive petitions. Anariba v. Dir.

Hudson Cnty. Corr. Ctr., 17 F.4th 434, 441 (3d Cir. 2021); see also 28 U.S.C. §§ 2244(b), 2255(h). However, a Section 2241 habeas petition is still subject to the abuse of the writ doctrine. Id. The abuse of the writ doctrine is "a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions[,]" McCleskey v. Zant, 499 U.S. 467, 489 (1991), which define "the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus[,]" id. at 470. Under that doctrine, prior adjudications bear "vital relevance" in the court's discretion to determining whether to consider a petition for writ of habeas corpus. Id. at 482 (discussing Wong Doo v. United States, 265 U.S. 239 (1924)). Application of the abuse of the writ doctrine should also "be expected to yield a resolution in harmony with AEDPA." Anariba, 17 F.4th at 441 (quoting Zayas v. I.N.S., 311 F.3d 247, 255 (3d Cir. 2002)).

On the face of Tchouala's petition, there are no allegations amounting to a change in circumstances from just a few days ago. The abuse of the writ doctrine thus also warrants denial of the petition.

Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1) Tchouala's petition for writ of habeas corpus, (Doc. 1), is **DENIED**;

2) Nothing in this order precludes the filing of any future petition that raises appropriate grounds for relief that were not already raised and recently decided; and

3) The Clerk of Court is directed to close this case.

**Date:** 8/11/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**